|   |   |
|---|---|
| 1 | ROBERT E. BARNETT, SBN 44162 |
|   | NICOLE CHERONES, SBN 206102 |
| 2 | BARNETT LAW FIRM |
|   | 712 Empire Street |
| 3 | Fairfield, California 94533 |
|   | (707) 425-0671 |
| 4 |   |
| 5 | Attorney for Plaintiff(s) |
|   | LYNN KRAFT |

FILED
FEB 14 PM 4:20
R.W. WIEKING
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| LYNN KRAFT, MELISSA WIRT, | Case No. C-07-03616-MEJ |
|---|---|
|  | ASSIGNED FOR ALL PURPOSES TO |
| Plaintiff(s), | JUDGE MAGISTRATE: MARIA ELENA JAMES |
| vs. | FIRST AMENDED COMPLAINT FOR DAMAGES |
| TARGET CORPORATION, individually and dba TARGET STORES, a division of TARGET CORPORATION, TARGET STORES, a division of TARGET CORPORATION, and DOES 1 through 50 inclusive, | Original Complaint Filed: May 3, 2007 |
| Defendant(s), |  |

Plaintiff, LYNN KRAFT, alleges as follows:

1. At all times herein mentioned defendants TARGET CORPORATION, individually and dba TARGET STORES, a division of TARGET CORPORATION, TARGET STORES, a division of TARGET CORPORATION, DOES 20-30, inclusive, and each of them were, and now are, corporations or other business organizations which were authorized to do business and were in fact doing business within the County of Solano, State of California.

2. That the true names or capacities, whether individual, corporate, associate or otherwise of defendants, DOES 1 through 50, are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the defendants designated herein as a DOE is legally responsible in some manner for the events and

happenings herein referred to, and proximately caused injury and damages proximately thereby to plaintiff as herein alleged. Plaintiff prays leave to amend this complaint to insert their true names and capacities when the same have been ascertained.

3. That at all times herein mentioned, defendants DOES I through 10, inclusive, were employees and agents of defendants, and each of them, and were acting within the course and scope of their employment.

4. That defendants are the owners and operators of a certain premises known as TARGET CORPORATION, individually and dba TARGET STORES, a division of TARGET CORPORATION, TARGET STORES, a division of TARGET CORPORATION, located at 475 Rohnert Park Expressway, City of Rohnert Park, County of Sonoma, State of California.

5. On or about April 5, 2006, plaintiff was a customer at defendants' heretofore described premises.

6. On or about April 5, 2006, while plaintiff was a customer lawfully at the above described premises of defendants, defendants so carelessly and negligently owned, controlled, inspected, and maintained the premises as to allow a dangerous condition to exist which made the assembly of shelving, the shelving brackets, and product placement hazardous to defendants' customers.

7. The dangerous condition was known, or in the exercise of ordinary and reasonable care would have been known, to defendants in adequate time for a reasonably prudent person to warn of and make safe, the condition.

8. As a proximate result of the negligence of defendants, plaintiff was struck in the head by a large box containing a disassembled desk, sustaining severe injuries and damages as hereinafter alleged.

9. As a proximate result of the said negligence of defendants, and each of them, and, of plaintiff's being struck in the head as alleged herein, plaintiff was injured in plaintiff's health, strength and activity, sustaining bodily injury, and shock and injury to plaintiff's nervous system, which said injuries have caused, and continue to cause, plaintiff great mental and physical pain and suffering. Plaintiff is informed and believes and thereon alleges, that said injuries will

result in some permanent disability to plaintiff, all to plaintiff's general damage in a sum within the jurisdiction of this court.

10. As a further and proximate result of said negligence of defendants, and each of them, and of plaintiff's said injuries, plaintiff was required to, and did, employ physicians and surgeons to examine, treat and care for plaintiff, and incurred medical and incidental expenses for such examination, treatment and care. The exact amount of such expenses is unknown to plaintiff at this time, and plaintiff will amend this pleading to set forth said sum when the same have been ascertained.

11. That as a further proximate result of the aforesaid negligent conduct of defendants, and each of them, plaintiff was prevented from attending to plaintiff's usual occupation for a period of time, sustaining a loss of earnings in an amount unknown to plaintiff at this time. Plaintiff prays leave of court to insert the correct amount of loss of wages when the same have been ascertained.

Plaintiff, MELISSA WIRT, alleges as follows:

12. Plaintiff incorporates paragraphs 1 through 11 as though fully set forth herein.

13. On or about April 5, 2006, while plaintiff was a customer lawfully at the above described premises of defendants, defendants so carelessly and negligently owned, controlled, inspected, and maintained the premises as to allow a dangerous condition to exist which made the assembly of shelving, the shelving brackets, and product placement hazardous to defendants' customers.

14. The dangerous condition was known, or in the exercise of ordinary and reasonable care would have been known, to defendants in adequate time for a reasonably prudent person to warn of and make safe, the condition.

15. As a proximate result of the negligence of defendants, plaintiff LYNN KRAFT was struck in the head by a large box containing a disassembled desk, sustaining severe injuries and damages as hereinbefore alleged.

16. As a further direct and proximate result of the defendants' aforementioned breach of duty, the plaintiff MELISSA WIRT suffered severe emotional distress from witnessing her mother's injury and the immediate after effects of her mother's seizure as a result of the impact

on the head.

17. At all times herein mentioned the plaintiff MELISSA WIRT was in close proximity to the hereinabove described injury to her mother and personally witnessed the box fall on her mother's head.

18. Because of the negligence of the defendants and each of them, and as a direct and proximate result thereof, plaintiff MELISSA WIRT sustained great emotional disturbance and shock and injury to her nervous systems, all of which has caused, continues to cause, and will cause her great physical and mental pain and suffering, all to her damage.

19. Plaintiff MELISSA WIRT was reasonably required to and did incur wage loss and incidental expenses for the care of her mother, the exact amount of which is unknown at this time. Plaintiff is informed and believes and therefore alleges, that plaintiff MELISSA WIRT will in the future be reasonably required to incur further similar obligations and losses. Plaintiffs request leave to amend this complaint to insert the amount of wage loss and incidental expenses incurred by the plaintiff MELISSA WIRT as a result of the injuries to her mother when such have been ascertained.

WHEREFORE, plaintiffs, and each of them, pray judgment against defendants, and each of them, as follows:

1. General damages in a sum exceeding the minimum jurisdiction of this court.
2. All medical and incidental expenses according to proof;
3. For loss of earnings according to proof;
4. For costs of suit herein incurred; and
5. For such other and further relief as the court may deem proper.

DATED:    February   , 2008         BARNETT LAW FIRM

By: /s/ Robert E. Barnett
Robert E. Barnett
Nicole Cherones
Attorney for Plaintiff(s)

FIRST AMENDED COMPLAINT FOR DAMAGES    -4-